UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| AMETEK, INC. and JOHN EVANS' SONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF LODGING OF PROPOSED CONSENT DECREE
PENDING SOLICITATION OF PUBLIC COMMENT
<u>BY U.S. DEPARTMENT OF JUSTICE</u>**

The United States has filed a Complaint, pursuant to Sections 106 and 107 of the

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), as

amended, 42 U.S.C. §§ 9606 and 9607, for injunctive relief and recovery of response costs

incurred by the United States in response to the release or threat of release of hazardous

substances at the North Penn Area Six Superfund Site, located in Montgomery County,

Pennsylvania.

Plaintiff, the United States, has simultaneously lodged a proposed Consent Decree that

would resolve all of the United States' claims set forth in the Complaint against the two named

Defendants.  Plaintiff respectfully requests that the Court refrain from signing the proposed

Consent Decree until the United States has provided an opportunity for public comment in

accordance with CERCLA Section 122(d)(2), 42 U.S.C. § 9622(d)(2), and the policy of the U.S.

Department of Justice, 28 C.F.R. Part 50.7.  The United States will publish notice in the <u>Federal Register</u> soliciting public comment for a period of 30 days.

The Court's limited role in considering each proposed settlement is to "satisfy itself that the settlement is reasonable, fair, and consistent with the purposes that CERCLA is intended to serve."  <u>United States v. Cannons Engineering Corp.</u>, 899 F.2d 79, 84 (1st Cir. 1990).  <u>See also</u> <u>United States v. Southeastern Pennsylvania Transportation Authority</u>, 235 F.3d 817, 823 (3d Cir. 2000);  <u>United States v. Charles George Trucking, Inc.</u>, 34 F.3d 1081, 1084 (1st Cir. 1994).  As stated on page 3 of the proposed Consent Decree, the parties believe that the settlement is "fair, reasonable, and in the public interest."  Upon expiration of the 30-day public comment period, the United States will review any comments received and, provided no comment discloses facts or considerations indicating that the Consent Decree is inappropriate, improper or inadequate, will move the Court to approve and enter the proposed Consent Decree.  Until that time, no action is required of the Court.

Dated this _____ day of _____, 2006.

                        Respectfully submitted,

                        FOR THE UNITED STATES


                        SUE ELLEN WOOLDRIDGE
                        Assistant Attorney General
                        Environment and Natural Resources Division

CATHERINE MALININ DUNN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-1461
North Carolina Bar # 23082


PATRICK L. MEEHAN
United States Attorney


MARGARET L. HUTCHINSON
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19016
(215) 861-8282

OF COUNSEL:
THOMAS A. CINTI
Senior Assistant Regional Counsel (3RC42)
Office of Regional Counsel
U.S.E.P.A., Region III
1650 Arch Street
Philadelphia, Pa.  19103