IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 06-1200 |
| ) | |
| v. ) | The Honorable Robert F. Kelly |
| ) | |
| ) | |
| AMETEK, INC. and JOHN EVANS' ) | |
| SONS, INC. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S UNOPPOSED MOTION TO ENTER CONSENT DECREE**

The United States of America, on behalf of the United States Environmental Protection Agency, respectfully moves the Court to approve and enter the proposed Consent Decree that was lodged in this matter on March 21, 2006. The Decree relates to the North Penn Area Six Superfund Site (the "Site") in Montgomery County, Pennsylvania, and resolves claims made by the United States against the Defendants, Ametek, Inc. and John Evans' Sons, Inc. The United States sets forth the following points in support of this motion:

1.      On March 21, 2006, the United States filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. § 9607. The complaint seeks injunctive relief and recovery of response costs incurred by the United States in response to the

release or threat of release of hazardous substances at the Site.

2.     Simultaneous with the filing of the complaint, the United States lodged a proposed Consent Decree which, if approved by the Court, will settle the United States' claims against the Defendants.[1] A Notice of Lodging submitted with the proposed Consent Decree advised the Court that the United States would provide an opportunity for public comment in accordance with CERCLA § 122(d)(2), 42 U.S.C. § 9622(d)(2), and the policy of the U.S. Department of Justice, 28 C.F.R. Part 50.7.

3.     On April 5, 2006, the United States published notice of the proposed Consent Decree in the Federal Register and solicited public comment for a period of thirty days. See 71 Fed. Reg. 17,140-41 (2006). A copy of the notice is attached as Exhibit A. As provided in Section XXXII of the proposed Consent Decree (paragraph 111), the United States reserved its right to withdraw or withhold its consent if any comments received disclosed facts or considerations indicating that the Consent Decree is inappropriate, improper or inadequate. The public comment period expired on May 5, 2006, and no comments were received.

4.     Under the terms of the proposed Consent Decree, Defendants will implement the EPA-selected groundwater remedy at the John Evans' Sons Property and reimburse the United

---

[1] The proposed Consent Decree would resolve only those claims made against the two named Defendants. The United States has identified numerous other potentially responsible parties in connection with the Site; the proposed Consent Decree does not address any claims or potential claims against any other party.

States for certain future response costs.  Settling Defendants will receive a covenant not to sue by the United States in connection with the Site, subject to the reservation of rights set forth in Section XXI of the proposed Consent Decree (paragraphs 83 and 84).  The settlement terms represent a compromise between the parties, taking into account Defendants' good faith efforts to address possible contamination at the John Evans' Sons Property and the mutual desire of the parties to conserve resources by avoiding protracted litigation.

     5.     The United States has concluded that the proposed Consent Decree is fair and in the public interest and furthers the statutory goals of CERCLA.  Therefore, the Court should defer to the expertise of the Environmental Protection Agency and the U.S. Department of Justice together with the parties' agreement and approve the settlement.  See 42 U.S.C. § 9622; United States v. SEPTA, 235 F.3d 817, 822 (3d Cir. 2000) (Approval of a consent decree in CERCLA litigation should be informed by the deference owed to "EPA's expertise and to the law's policy of encouraging settlement . . . .").  See also United States v. Cannons Engineering Corp., 899 F.2d 79, 84 (1st Cir. 1990) (The policy of the law to encourage settlements "has particular force where . . . a government actor committed to the protection of the public interest has pulled the laboring oar in constructing the proposed settlement.")  When reviewing a proposed Consent Decree, a Court should balance its discretion with appropriate deference toward "(t)he efforts of the EPA and the Justice Department, experts in the field of environmental recovery, and their determination that the proposed decree is in the public interest . . . ."  United States v. Nat'l R.R. Passenger Corp., No. CIV. A. 86-1094, 1999 WL 199659, at *7 (E.D. Pa. April 6, 1999), aff'd SEPTA, 235 F.3d 817 (3d Cir. 2000).

     For the above reasons, the United States respectfully requests that the Court enter the

proposed Consent Decree. No proposed order is attached because there is a signature block for the Court to execute on page 56 of the proposed Consent Decree.

Filed electronically this 12th day of May 2006.

                                      Respectfully submitted,

                                      FOR THE UNITED STATES

                                      SUE ELLEN WOOLDRIDGE
                                      Assistant Attorney General
                                      Environment & Natural Resources Division

                                      s/ Catherine Malinin Dunn
                                      _____
                                      CATHERINE MALININ DUNN
                                      North Carolina Bar No. 23082
                                      Trial Attorney
                                      Environmental Enforcement Section
                                      Environment & Natural Resources Division
                                      U.S. Department of Justice
                                      P.O. Box 7611
                                      Washington, DC 20044-7611
                                      202-514-1461

PATRICK L. MEEHAN
United States Attorney
Eastern District of Pennsylvania

*/s/ Margaret L. Hutchinson*
MARGARET L. HUTCHINSON
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215- 861-8282

OF COUNSEL

THOMAS A. CINTI
Senior Assistant Regional Counsel
US Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103-2029

# EXHIBIT A

Federal Register: April 5, 2006 (Volume 71, Number 65)] [Notices] [Page 17140-17141]
-----------------------------------------------------------------

DEPARTMENT OF JUSTICE Notice of Lodging of Consent Decree Under the Comprehensive Environmental Response, Compensation and Liability Act Under 42 U.S.C. 9622(d)(2)(B) and 28 CFR 50.7, notice is hereby given that on March 21, 2006, a proposed consent decree in United States v. Ametek, Inc. and John Evans' Sons, Inc., Civil Action No. 06- 1200, was lodged with the United States District Court for the Eastern District of Pennsylvania. In this action the United States is seeking injunctive relief and recovery of response costs incurred by the United States pursuant to the Comprehensive [[Page 17141]] Environmental Response, Compensation and Liability Act (``CERCLA''), 42 U.S.C. 9601 et seq., in connection with the John Evans' Sons Property at the North Penn Area Six Superfund Site (``Site''), which consists of a contaminated groundwater plume and a number of separate parcels of property located within and adjacent to the Borough of Lansdale, Montgomery County, Pennsylvania. The proposed consent decree will resolve the United States' claims against Ametek, Inc. and John Evans' Sons, Inc. (``Settling Defendants'') in connection with the Site. Under the terms of the proposed consent decree, Settling Defendant will implement the EPA-selected groundwater remedy at the John Evans' Sons Property and reimburse the United States for certain future response costs. Settling Defendant will receive a covenant not to sue by the United States with regard to the Site. The Department of Justice will receive for a period of thirty (30) days from the date of this publication comments relating to the proposed consent decree. Comments should be addressed to the Assistant Attorney General, Environment and Natural Resources Division, P.O. Box 7611, U.S. Department of Justice, Washington, DC 20044-7611, and should refer to United States v. Ametek, Inc. and John Evans' Sons, Inc., D.J. Ref. 90-11-2-06024/18. The proposed consent decree may be examined at the Office of the United States Attorney, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106, and at U.S. EPA Region III, 1650 Arch Street, Philadelphia, PA 19103. During the public comment period, the proposed consent decree may also be examined on the following Department of Justice Web site: http://www.usdoj.gov/enrd/open.html. A copy of the proposed consent decree may also be obtained by mail from the Consent Decree Library, P.O. Box 7611, U.S. Department of Justice, Washington, DC 20044-7611 or by faxing or e-mailing a request to Tonia Fleetwood tonia.fleetwood@usdoj.gov), fax no. (202) 514-0097, phone confirmation number (202) 514-1547. In requesting a copy from the Consent Decree Library, please enclose a check in the amount of $28.50 (25 cents per page reproduction cost). Checks should be made payable to the U.S. Treasury. Robert Brook, Assistant Chief, Environmental Enforcement Section, Environment and Natural Resources Division. [FR Doc. 06-3266 Filed 4-4-06; 8:45 am] BILLING CODE 4410-15-M

## CERTIFICATE OF SERVICE

I hereby certify that **PLAINTIFF'S UNOPPOSED MOTION TO ENTER CONSENT DECREE** in United States v. Ametek Inc. and John Evans' Sons Inc., Civil Action No. 06-1200, is being filed electronically and will be available for viewing and downloading from the Electronic Case Filing ("ECF") system.

In addition, a copy is being provided via U.S. Mail to the following Counsel:

For Ametek Inc.
Madelaine Berg, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982


For John Evans' Sons Inc.
Kenneth J. Warren, Esq.
Wolf, Block, Schorr & Solis-Cohen, LLP
1650 Arch Street
22nd Floor
Philadelphia, Pennsylvania 19103-2097


Filed electronically this 12th day of May, 2006.

MARGARET L. HUTCHINSON
Assistant United States Attorney